UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES K. UTLEY,

    Plaintiff,

    v.

HARRISON YANCEY, ANTHONY
WATSON, RYNE ROBINSON, ARRON
JONAS, LT. DYKSTRA, CURTIS
GILLESPIE, and CARL TIBBLES,

    Defendants.

CAUSE NO.: 3:18-CV-226-JD-MGG

OPINION AND ORDER

James. K. Utley, a prisoner without a lawyer, alleges seven[1] defendants beat him on March 31, 2016, in violation of the Eighth Amendment. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

---

[1] The clerk entered eight defendants on the docket because Utley spelled the name Carl *Tibbles* in the caption, but then wrote Carl *Tibbes* in the list of defendants. Nevertheless, the attachments to the complaint makes clear the defendant's name is properly spelled *Tibbles* and Carl *Tibbes* is not a separate defendant.

Attached to the complaint are two Department of Correction internal affairs reports written by Internal Affairs Investigator Charles Whelan. In the complaint, Utley states the reports "are fact and true." ECF 2 at 7. The reports explain that on the morning of March 31, 2016, Utley stabbed two guards in the laundry area of the prison. ECF 2-1 at 4. After the attack, he was handcuffed, transported to an empty cell block, stripped, and locked in a cell. Video shows that about twenty minutes later, the seven defendants arrived at his cell. The report states that one of them grabbed Utley by the neck and dragged him out of the cell. Utley alleges in the complaint that after he was dragged out of the cell, the seven defendants beat him "all about the head, face, [and] body." ECF 2 at 5. He alleges he was then taken to the shower, where Major Carl Tibbles continued to beat him. The Internal Affairs Report states when Major Tibbles was asked how Utley was injured, he replied, "Sorry, I monkey stomped the shit out of him." *Id.* at 4.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Here, Utley has plausibly alleged the seven defendants inflicted cruel and unusual punishment on him in violation of the

Eighth Amendment by acting maliciously and sadistically, in bad faith for no legitimate purpose. These same allegations also state an intentional tort claim pursuant to State law.

The facts alleged also state a claim for failure to protect in violation of the Eighth Amendment. A prison official "can be held liable under § 1983 if [he] (1) had reason to know that a fellow officer was using excessive force or committing a constitutional violation, and (2) had a realistic opportunity to intervene to prevent the act from occurring." *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009). Based on the facts alleged, Utley has plausibly alleged each of the seven defendants failed to protect him from the other six while he was being beaten.

For these reasons, the court:

(1) GRANTS James K. Utley leave to proceed against Harrison Yancey, Anthony Watson, Ryne Robinson, Arron Jonas, Lt. Dykstra, Curtis Gillespie, and Carl Tibbles in their individual capacities for compensatory and punitive damages for using excessive force against him on March 31, 2016, in violation of the Eighth Amendment and State tort law;

(2) GRANTS James K. Utley leave to proceed against Harrison Yancey, Anthony Watson, Ryne Robinson, Arron Jonas, Lt. Dykstra, Curtis Gillespie, and Carl Tibbles in their individual capacities for compensatory and punitive damages for failing to protect him from attack on March 31, 2016, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Carl Tibbes;

(5) DIRECTS the clerk and the United States Marshals Service, as required by 28 U.S.C. § 1915(d), to issue and serve process on Harrison Yancey, Anthony Watson, Ryne Robinson, Arron Jonas, Lt. Dykstra, Curtis Gillespie, and Carl Tibbles with a copy of this order and the Complaint (ECF 2); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Harrison Yancey, Anthony Watson, Ryne Robinson, Arron Jonas, Lt. Dykstra, Curtis Gillespie, and Carl Tibbles to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 14, 2018.

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT