UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES K. UTLEY, <br><br> Plaintiff, <br><br> v. <br><br> HARRISON YANCEY *et al.*, <br><br> Defendants. | CAUSE NO. 3:18-CV-226-DRL-MGG |

OPINION & ORDER

James K. Utley is a prisoner representing himself in this case. After screening his complaint under 28 U.S.C. § 1915A, the court granted him leave to proceed against Defendants Harrison Yancey, Anthony Watson, Ryne Robinson, Arron Jonas, Lt. Dykstra, Curtis Gillespie, and Carl Tibbles in their individual capacities for compensatory and punitive damages for using excessive force against him in violation of the Eighth Amendment and state tort law; and for failing to protect him in violation of the Eighth Amendment. Mr. Utley moved for summary judgment.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

For his Eighth Amendment claim, the "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors

guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* A bystander officer may be held liable for the excessive force of another officer if the bystander officer: "(1) had reason to know that a fellow officer was using excessive force or committing a constitutional violation, and (2) had a realistic opportunity to intervene to prevent the act from occurring." *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009). Nevertheless, given the need for a functional correctional facility, if an inmate refuses to obey an order, correctional staff may compel compliance with chemical agents or physical force. *Soto v. Dickey*, 744 F.2d 1260, 1267 (7th Cir. 1984).

In this case, on the current record, only the jury can decide what really happened, who was involved, and to what extent. Both sides agree that on March 31, 2016, Mr. Utley attacked a guard who fired him from a laundry job with broken scissors. Other guards responded, but they could not easily subdue Mr. Utley. Only after the guards used a TASER device several times did they gain control over him. Two guards were taken to the hospital with stab wounds, and Mr. Utley was escorted to the medical ward. This is where the agreement ends.

Mr. Utley claims that after he was taken out of the medical ward, several defendants beat him, and placed him in a cell naked by himself. Shortly after that, the seven defendants came to his cell, took him out forcefully although he showed no resistance, and beat him to the point that he had numerous cuts on his body. No one intervened to stop his beating, and he had to be taken to the hospital with puncture wounds and lacerations to his chest, shoulders, face, and head. He points to Carl Tibbles's own words when asked by an investigator as to what happened: "Sorry I monkey stomped the shit out of him." ECF 109-2 at 1. To some extent, this account seems supported by IDOC's internal investigation.

Defendants, on the other hand, present a much different picture. They submit facts suggesting that Mr. Utley's injuries resulted from the guards trying to subdue him in the laundry room after he attacked a guard. They claim that he was removed from his cell to wash away pepper spray from his body and that force was used only because he resisted. According to defendants, Officer Tibbles struck him twice in the face with his elbow while Mr. Utley was in the shower, attempting to get him to comply. They also point to where Officer Tibbles later recanted "monkey-stomping" Mr. Utley.

The representations from each side present genuine issues of material fact. Without weighing these facts and examining the credibility of the witnesses, it is impossible to tell whether the defendants used physical force in violation of the Eighth Amendment. If Mr. Utley's account is truthful, a reasonable jury could say they did; if defendants are to be believed, they didn't. And that is what trials are designed to determine. The court must deny Mr. Utley's motion for summary judgment to permit that trial before a jury.

In a separate matter, as the discovery deadline was approaching, Mr. Utley filed several motions seeking leave to pose new to interrogatories to the defendants. As he put it, he wanted to restate his questions differently and to ask some new questions in excess of the limit set by Federal Rules of Civil Procedure. The court will deny these motions because Mr. Utley had ample opportunity to conduct discovery, and many of his questions have been answered by defendants, with some of them answering more than once.

For these reasons, the court:

(1)    DENIES Mr. Utley's motion for summary judgment (ECF 114); and

(2)    DENIES all motions related to his request for leave to extend discovery (ECF 92, 93, 107, 108, 109, 113, 114, 115, and 116).

SO ORDERED.

September 4, 2020         *s/ Damon R. Leichty*
                          Judge, United States District Court